IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILBERT BAILEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-193 |
| ) | |
| FRANK BISIGNANO, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Wilbert Bailey, Jr., appeals the decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff applied for DIB on January 11, 2023, alleging a disability onset date of February 15, 2020. Tr. ("R."), pp. 10, 83, 224. Plaintiff was fifty-one years old on his alleged onset date,

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Frank Bisignano, Commissioner of Social Security Administration, as the proper Defendant.

and was fifty-six years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 22, 224. Plaintiff alleged disability based on: post-traumatic stress disorder, bipolar I disorder – manic depression; and other musculoskeletal issues (feet). R. 84, 218. Plaintiff reported earning his high school diploma and attending technical college to study industrial engineering, though he did not complete the technical degree program. R. 57. Prior to his alleged disability date, Plaintiff served twenty years in the military and had past relevant work as a maintenance worker and air conditioner coil assembler. R. 21, 64, 226.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 83-90, 117-24. Plaintiff requested a hearing before an ALJ, (R. 130-33), and the ALJ held a hearing by telephone on June 4, 2024, (R. 52-56). Represented by counsel,[2] Plaintiff appeared and testified, as did a vocational expert ("VE"). R. 52-82. On July 5, 2024, the ALJ issued a decision finding Plaintiff not disabled.

> Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024, and has not engaged in substantial gainful activity since February 15, 2020, the alleged onset date (20 C.F.R. 404.1571 *et seq*.).
>
> 2. The claimant has the following severe impairments: bilateral pes planus; bilateral knee osteoarthritis; lumbar scoliosis and degenerative arthritis; obesity, and post-traumatic stress disorder (PTSD) (20 C.F.R. 404.1520(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). 404.1525, and 404.1526).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform

---

[2]Plaintiff is represented by a different attorney in these federal court proceedings.

   medium work as defined in 20 C.F.R. § 404.1567(c), including the ability to occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; sit for six hours; and stand and/or walk for six hours.[3] Additionally, he can frequently use foot controls.  The claimant can climb ramps and stairs frequently and climb ladders, ropes, or scaffolds occasionally.  He can frequently balance, stoop, kneel and crouch.  He can occasionally crawl.  He can occasionally work at unprotected heights.  He can frequently work near moving mechanical parts and in vibration.  The claimant can perform simple routine tasks.  He can have frequent interactions with supervisors and coworkers and occasional interactions with the public.  He can tolerate few changes in a routine work setting in terms of core work duties and processes.  The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5.  Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including representative occupations such as floor waxer, hand packager, and packer of agricultural products (20 C.F.R. §§ 404.1569 and 404.1569a).  Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since February 15, 2020, the date the application was filed (20 C.F.R. § 404.1520(g)).

R. 12-22.

  When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ improperly rejected Plaintiff's testimony about his mental and physical impairments, to include mischaracterizing the record evidence. See Pl.'s Br., doc. no. 17; Reply Br., doc. no. 19.  The

---

[3]"Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c); see also SSR 83-10, 1983 WL 31251, at *6  (Jan. 1, 1983) ("A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.")

Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 18.

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards

4

other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

The case should be remanded because when developing Plaintiff's RFC, the ALJ did not conduct a complete review of the record and thus failed to explain sufficiently how Plaintiff's statements concerning the intensity, persistence, and limiting effects of his physical and mental impairments are inconsistent with, or unsupported by, the record evidence.

### A.   Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted), *superseded on other grounds by* 20 C.F.R. § 404.1520c. Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."

Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing and pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must also consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

    B.    **Evaluating Subjective Complaints**

As part of formulating the RFC, the ALJ must evaluate a claimant's subjective complaints, for which the Eleventh Circuit has established a three-part standard of evaluation. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)). When evaluating "the intensity, persistence, and limiting effects" of a claimant's symptoms, the ALJ should consider: "(1) daily activities; (2) location, duration, frequency, and intensity of symptoms and pain; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medications; (5)

7

treatment other than medication; (6) any other measures used to relieve symptoms; and (7) any other factors concerning his functional limitations." Walker v. Soc. Sec. Admin., Comm'r, No. 21-12732, 2022 WL 1022730, at *1 (11th Cir. Apr. 5, 2022) (*per curiam*) (citation omitted).

In doing so, the ALJ is not judging a claimant's credibility or character for truthfulness, but rather "whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 WL 1020935, at *14170 (orig. publ. Mar. 16, 2016)). Social Security Ruling 16-3p clarifies "that subjective symptom evaluation is not an examination of an individual's character . . . . [but rather is an evaluation of] the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . ." SSR 16-3p, 2016 WL 1020935, at *14167.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4] As courts within this Circuit have explained,

> SSR 16–3p also expressly provides that the ALJ may not make conclusory statements about having considered the symptoms, or merely recite the factors described in the regulations. Rather, the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent, and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Ring v. Berryhill, 241 F. Supp.3d 1235, 1251 (N.D. Ala. 2017), *aff'd sub nom.* Ring v. Soc. Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018) (*per curiam*); see also Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) ("Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection. . . .") When reviewing the ALJ's credibility determination, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per curiam*).

### C. The ALJ Erred in Considering Plaintiff's Subjective Complaints When Formulating the RFC

Though the Court's review of the administrative decision is deferential, the "ALJ must state with at least some measure of clarity the grounds for [his] decision, and [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusions.'" Brightmon v. Soc. Sec. Admin., Comm'r, 743 F. App'x 347, 351 (11th Cir. 2018) (*per curiam*) (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)). Stated otherwise, the Court is not to be a rubber stamp when reviewing the administrative record and must "scrutinize the record as a whole to determine whether the conclusions reached are rational." Winschel, 631 F.3d at 1179 (citation omitted); see also Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1257 (11th Cir. 2019) (explaining administrative decision not to be rubber-stamped, despite deference owed by reviewing court). "A decision is not supported by substantial evidence if the ALJ 'reached the result that he did by focusing on one aspect of the evidence and ignoring other parts of the record." Brightmon, 743 F. App'x at 351 (citing McCruter, 791 F.2d at 1548).

9

And although the ALJ is not required to explicitly connect every piece of evidence that is found to be inconsistent with a specific opinion or to discuss every piece of evidence, the explanation provided must not be a broad rejection of evidence that prevents the Court from conducting meaningful judicial review. See Gogel v. Comm'r of Soc. Sec., Case No. 2:20-cv-366, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) (citing Dyer, 395 F.3d at 1211 and 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)). "What matters is whether the ALJ 'state[s] with at least some measure of clarity the grounds for his decision.'" Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1266 & n.14 (11th Cir. 2024) (quoting Winschel, 631 F.3d at 1179).

### 1. Physical Impairments

As to Plaintiff's physical impairments, the ALJ determined at step two that Plaintiff's severe physical impairments included bilateral pes planus, bilateral knee osteoarthritis, lumbar scoliosis and degenerative arthritis, and obesity. R. 12. The ALJ also determined Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but Plaintiff's claimed intensity, persistence and limiting effects of the symptoms are not consistent with or supported by the record evidence to support a more restrictive RFC than the one stated in the administrative opinion. R. 17. In reaching this conclusion, the ALJ primarily rejected Plaintiff's subjective complaints regarding his knee, back, and foot pain because Plaintiff's "medical record is devoid of complaints, treatment or abnormal findings" except for some imaging from December 2023. R. 17.

However, as Plaintiff's briefing summarizes:

During the relevant time period, Plaintiff's treatment record dated December 8, 2020 documented a "history of low back pain, back, [and] knee pain." T 410. On July 8, 2021, Plaintiff presented to Rosalyn Belton, NP, for an annual visit and endorsed a pain level of 4 out of 10 due to chronic knee pain. T 378-79.

> Examination revealed bilateral knee pain with range of motion testing. T 376. NP Belton diagnosed Plaintiff with several conditions, including degenerative joint disease of the knees and ankles, back pain, and flat feet. T 377. NP Belton continued Meloxicam, Ibuprofen, and Mobic for these physical impairments. T 377. On January 13, 2022, Plaintiff followed up with NP Belton and endorsed a pain level of 7/10 resulting from his knees. T 344. NP Belton again diagnosed Plaintiff with degenerative joint disease of the knees and ankles, back pain, and flat feet, and continued his medications. T 342. On April 18, 2023, Plaintiff called to request a prescription of Motrin due to "knee and back pain." T 532. During a physical consultative examination on September 21, 2023, Plaintiff continued to endorse chronic foot pain, left worse than right; a history of right Achilles tendon repair; chronic bilateral knee pain; and chronic lower back pain. T 796-97.

Pl.'s Br., p. 6. The ALJ failed to discuss theses treatment records. Although the ALJ discussed a 2023 consultative examination by Dr. Lamar Peacock, (R.17, 19), the ALJ mischaracterized the longitudinal record as not showing any abnormal examination findings. A July 8, 2021 treatment record documents bilateral knee pain with range of motion testing, (R. 376), and Dr. Peacock's report noted pes planus deformity of the feet, left greater than right, and varus deformity of the left ankle, (R. 798). See also R. 617-21 (repeating Jan. 13, 2022 treatment record in VA medical records discussed in block quote above).

The Commissioner all but concedes Plaintiff's point when he attempts to do the analysis the ALJ did not to discount Plaintiff's complaints of disabling symptoms and arguing remand is unnecessary, "[e]ven if the ALJ *slightly* overstated the lack of treatment and complaints to primary care providers." Comm'r's Br., p. 11 (emphasis added). The Court disagrees with the Commissioner's "slight" characterization and finds that the ALJ's error shows "unfairness" or "clear prejudice" that requires remand. See Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). Unlike Jacobus v. Comm'r of Soc. Sec., 664 F. App'x 774, 775-76 (11th Cir. 2016) (*per curiam*), cited by the Commissioner for the proposition factual errors may be discounted as

11

harmless where substantial evidence still supported findings on subjective complaints, here Plaintiff has identified specific medical treatment notes the ALJ failed to address. Moreover, the Commissioner's reliance on the characterization of Plaintiff's participation in activities of daily living as "intact," (Comm'r's Br., pp. 6-7), to justify the ALJ's credibility determination misses the mark not only because some participation in everyday activities does not automatically disqualify a claimant from disability, Lewis v. Callhan, 125 F.3d 1436, 1441 (11th Cir. 1997), but the ALJ is required by the Commissioner's own regulations to consider all medical opinions. 20 C.F.R. § 404.1545; see also 20 C.F.R. § 404.1529(a) (explaining evaluation of symptoms, including pain, include consideration of all "available evidence, including your medical history, the medical signs and laboratory findings, and statements about your symptoms affect you").

While the ALJ need not mention every piece of evidence in the record, Dyer, 395 F.3d at 1211, neither may the ALJ cherry-pick only the portions of evidence supportive of the decision without adequate explanation. See Peace as Next Friend of OKP v. Kijakazi, No. CV 121-136, 2022 WL 1772985, at *4-5 (S.D. Ga. June 1, 2022) (explaining adherence to substantial evidence standard does not allow for ALJ to ignore or disregard parts of record), *adopted by* 2022 WL 2276346 (S.D. Ga. June 23, 2022) (Hall, J.) The ALJ discredited Plaintiff's subjective complaints of physical symptoms of pain in his back, knees, and feet and determined Plaintiff could perform work requiring standing or walking for six hours, frequently climbing ramps and stairs, as well as frequently balancing, stooping, kneeling, and crouching, (R. 16), all based on an incomplete characterization of the record. Although Plaintiff's subjective complaints regarding symptoms of his physical impairments may not limit him from all work, the ALJ did not articulate

12

reasoning sufficient to allow meaningful judicial review to confirm the rationale for determining Plaintiff can perform the medium work identified as available to Plaintiff.

In sum, the ALJ failed to provide the requisite "sufficient rationale linking the record evidence to the RFC determination." Weber v. O'Malley, No. 8:23-cv-2723, 2024 WL 4589790, at *4 (M.D. Fla. Oct. 28, 2024) (collecting cases). In the absence of the requisite clear explanation of the ALJ's reasoning, the case should be remanded. Weidlich v. Comm'r of Soc. Sec., No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (*per curiam*) ("Substantial evidence cannot support the ALJ's decision without a clear explanation."); Schink, 935 F.3d at 1269 ("[T]he ALJ's failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own right." (internal quotations and citation omitted)); see also Wiggins, 679 F.2d at 1389 ("Failure . . . to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." (footnote omitted)).

### 2. Mental Impairments

The Commissioner contends the ALJ was correct to discount Plaintiff's complaints about extreme mental limitations based on lack of hospitalization or in-patient treatment. (Comm'r's Br., pp. 14-15). However, Plaintiff does not argue he has extreme limitations; he argues the ALJ failed to explain which of his symptoms related to mental impairments and how, such that if the additional limitations related to interactions with supervisors, coworkers, and the public were accepted, Plaintiff would be able to perform the jobs identified by the VE. Pl.'s Br., pp. 9-10; Reply Br., pp. 4-6.

For example, the ALJ determined Plaintiff had moderate limitations in interacting with others, (R. 14), yet formulated an RFC allowing for frequent interactions with supervisors and coworkers, (R. 16). SSR 83-10 defines frequent as "occurring from one-third to two-thirds of the time." 1983 WL 31251, at *6. The hypothetical presented to the VE, based upon which the ALJ determined Plaintiff could perform work as a floor waxer, hand packager, and packer of agricultural products, requires frequent interactions with coworkers and supervisors. R. 76. The ALJ's decision does not explain or justify this inconsistency of determining Plaintiff has moderate limitations in interacting with others but can interact with supervisors and co-workers for up to two-thirds of the workday, thereby precluding meaningful review. See Shawn R. v. Comm'r, Soc. Sec. Admin., Civ. Act. No. 2:22-CV-23-RWS-JCF, 2023 WL 6940715, at *4 (N.D. Ga. Sept. 5, 2023) (citing collection of cases identifying inconsistency of moderate limitation on interacting with others versus frequent contact with supervisors).

Furthermore, the consultative examiner's report, which the ALJ determined to be partially persuasive in evaluating Plaintiff's mental symptoms, (R. 20), stated that Plaintiff left his last job in part because of conflict with supervisors and found that his ability to interact with supervisors is moderately impaired. R. 660-61. The ALJ's evaluation partially discounting this consultative opinion focused on decompensation under workplace stressors but did not otherwise discuss the opinion of moderate impairment interacting with supervisors and coworkers. R. 19-20; R. 660-61 ("[Plaintiff's] ability to interact with the public including supervisors, coworkers, and peers in a socially appropriately manner is moderately impaired due to mood symptoms."). Thus, it is unclear how the ALJ accepted a moderate limitation in interacting with others but formulated an RFC allowing for frequent interactions with supervisors and coworkers.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's application. Indeed, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Sharpe v. Comm'r, Soc. Sec. Admin., No. 20-14350, 2022 WL 152229, at *7 (11th Cir. Jan. 18, 2022) (*per curiam*) (explaining reviewing court may not affirm administrative decision on basis not relied upon by ALJ and citing Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) and Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision. . . . .")); Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

For the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted. The Court need not address the specifics of Plaintiff's remaining contention(s) regarding additional alleged discrepancies between the record evidence and the ALJ's assessment of Plaintiff's subjective symptoms. See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing reconsideration of applications on remand based entire record); Demenech v. Sec'y of Dep't

of Health and Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail).

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 6th day of January, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA