IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILBERT BAILEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-193 |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

On January 29, 2026, United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in Plaintiff's favor.  (Doc. nos. 26, 27.)  Plaintiff now moves, under the Equal Access to Justice Act ("EAJA"), for $7,416.19 in attorney's fees.  (Doc. no. 28.)  Defendant does not object to the requested fee amount.  (See doc. no. 31.)

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  Indeed, this approach has been followed in this District.  See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to

counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt."). The Court therefore **GRANTS** Plaintiff's motion, (doc. no. 28), and awards attorney's fees in the amount of $7,416.19.

SO ORDERED this 14th day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA